```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/13/2022  
```

Adriana Rodriguez, individually on behalf of herself and all others similarly situated

                Plaintiff,

-against-

Veridian Healthcare LLC

                Defendant.

22 Civ. 2989 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff brings this putative class action against Defendant Veridian Healthcare, LLC, invoking subject matter jurisdiction under the Class Action Fairness Act, which grants district courts jurisdiction over any civil class action suit in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d). Plaintiff alleges that Defendant is a citizen of Illinois, because its principal place of business is in Gurnee, Illinois. Compl. ¶¶ 34, 39, ECF No. 1. But, if Defendant is, indeed, a limited liability company, as its name would imply, it "has the citizenship of each of its members." *Strother v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001). Accordingly, the complaint must allege the citizenship of natural persons who are members of the limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company.

      In addition, for the purposes of venue, a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Plaintiff states that venue is proper in this district because "Plaintiff and many Class Members reside in the Southern District of New York," and a "substantial part of the events or omissions giving rise to the Classes' claims occurred in this district." Compl. ¶ 36. But, the complaint contains no such factual allegations, stating only that Plaintiff is a "citizen of New York State," viewed Defendants' marketing materials and purchased the products in New York State, and had the products shipped to her home in New York State. *Id.* ¶ 37. The Court cannot, accordingly, conclude that venue is proper in this district based on the complaint's factual allegations.

      Accordingly, by **April 20, 2022,** Plaintiff shall amend its pleading to allege the citizenship of each constituent person or entity. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)); *Strother*, 171 F. Supp. 2d at 205 . If Plaintiff fails to amend by the foregoing date to truthfully allege complete diversity based upon the citizenship of each constituent person or entity of the LLC, then the complaint will be dismissed for lack of subject matter jurisdiction. Plaintiff must also amend her

pleading to truthfully establish that venue is proper in the Southern District of New York and that the action should not be transferred in the interest of justice. If Plaintiff fails to do so, the Court will transfer the action to an appropriate judicial district.

    SO ORDERED.

Dated: April 13, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge